VICENTE SANABRIA ET UX., Plaintiffs and Appellees, v.
ANTONIO RIGAU, Defendant and Appellant.

No. 109.   Decided April 10, 1962.

*Córdova & González* (*Héctor Martínez Muñiz* on the brief) for
appellant.   *Antonio Figueroa Rivera* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr.
Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM.

Certain tenants sued the owner of an apartment house as
a result of some repairs made in the sewage pipes.   The
plaintiffs occupied an apartment on the second floor.   The
sanitary system of the third floor was blocked and it was
necessary to clear the blockage which was actually in the
pipes running through plaintiffs' apartment.   The complaint
was sustained.

Appeal was taken to this Court from a judgment order-
ing the defendant to pay $1,255 for the damages sustained
by one of the tenants.   One thousand two hundred dollars
were awarded to plaintiff's wife as compensation for a nerv-
ous depression suffered when from a drain pipe which was
being cleared "sewage water gushed out flooding practically

the whole floor of the plaintiffs' residence with a noxious liquid." The remaining $55 was the compensation to the plaintiff for the material damages sustained. The defendant was also ordered to pay $250 for attorney's fees.

An examination of the evidence offered discloses that the plaintiff testified that when he arrived at his apartment everything was "flooded with sewage water, human excrement, all kinds of filth which may be clogged in a sewage pipe." That he had to roll up his pants in order to get up there. That the stairway was "swamped" with paper. And the plaintiff's wife testified that she attempted to jump out of the porch "upon seeing so much waste matter running behind me, and those men hammering, and seeing so much excrement and dirty water and so much paper." She further testified that as a result of what has just been related, she felt sick to the stomach, of the nerves, that she was very nervous, was vomiting, and could not keep still. When the plaintiffs' medical expert was asked to establish the connection between the nervous depression suffered by the wife and the occurrence in the apartment, it is taken for granted that there has been a "release of faecal matter and noxious, putrid water, paper." He then said that "in certain types of patients, such as Mrs. Sanabria, who in addition to the depression has always had depressing characteristics, a situation such as that confronted there operates and acts as an unleashing agent of the depression."

Upon reviewing the judgment rendered by the trial judge, we will notice that he did not find proved the facts which according to the plaintiff and his wife occurred and caused the depression, and that there was no basis either for the question put to the expert, since the only finding was that the sewage water gushed from the pipe flooding practically the whole floor of the plaintiffs' residence with a noxious liquid. There is no specific determination that faecal matter, paper, etc., gushed out, as testified by the plaintiff and

his wife. And, obviously, the judge was right in not giving credit to the testimony of the plaintiff and his wife, since the photographs taken at the time of the occurrence merely show that water gushed from the obstructed pipe, and there is nothing in the photographs showing that faecal matter, paper, etc., gushed out.

This being the situation, no connection was established between the alleged depression suffered by the plaintiff's wife and the occurrence in the apartment, since the medical expert's assertion was predicated on a situation such as that described by the plaintiff spouses and which served as a basis to the question put to him. And we have seen that that situation did not exist. However, the evidence does establish that the water that came out of the pipes caused damages amounting to $55.[1] Commenting § 1588 of the Spanish Civil Code, counterpart of our § 1444,[2] 31 L.P.R.A. § 4055; 10 MANRESA, *Código Civil Español* 551 (1931 ed.), MANRESA states:

"If as a result of the works, of lack of care on the part of those who perform them, damage or deterioration is caused to any of the objects which the lessee may have in the house, it is fair, in our opinion, that such damage be compensated. Hence, according to our interpretation of the precept and the silence of the Code on the compensation, we believe that the latter will not lie for mere inconvenience, for the mere priva-

---

[1] The trial judge determined, and that determination was not challenged, that "the damages sustained by the plaintiffs were caused by the negligence of the defendant's employee in not adopting any measure or precaution and care to avoid unnecessary damages..."

[2] Section 1444 provides as follows:

"If, during the lease, it is necessary to make any urgent repairs in the thing leased which can not be postponed until the expiration thereof, the lessee shall be obliged to permit the work, even though it be very annoying to him, and even if during such repairs he may be deprived of a part of the estate.

"If the repairs should last more than forty days, the price of the lease shall be reduced in proportion to the time and to the part of the estate of which the lessee is deprived.

"If the work should be of such nature that the part which the lessee and his family require for a dwelling becomes uninhabitable, he may rescind the contract."

138

tion of part of the property suffered by the owner as a result of the work, but for the special damages caused to the lessee's belongings. We must not look to § 1588 for the obligation to compensate these damages, but to the general principles of law creating such obligation."

Irrespective of the foregoing, the evidence reveals that the defendant, owner of the apartment house occupied by the plaintiff spouses, contracted the services of a plumber to locate and remove a blockage in the sanitary system of the building, in compliance with his obligation to maintain the lessees in the useful enjoyment of the thing leased. When the work was being performed, there occurred what has been stated above. Under these circumstances, the damages claimed for the depression caused to the plaintiff's wife were not foreseeable.

The judgment appealed from is therefore modified reducing the same to $55, and the pronouncement on attorney's fees is eliminated. As thus modified, it will be affirmed.